**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Shea Coakley and Joshua Grab,<br><br>Plaintiffs,<br><br>vs.<br><br>Vireo Growth, Inc., Vireo Health, Inc., and HiColor LLC,<br><br>Defendants | Civil No.: 26-CV-02095 (PJS-JFD)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

Defendants Vireo Growth, Inc., Vireo Health, Inc., and HiColor LLC answer the Amended Complaint. On September 22, 2026, the Court dismissed Counts IV, VIII, and IX without prejudice and denied the motion in all other respects. Plaintiffs withdrew Count VII. Headings are not allegations. A writing speaks for itself. Where the Amended Complaint repeats a paragraph number, the response follows that paragraph in the order it appears. Defendants deny every allegation not expressly admitted or qualified below.

## PARTIES, JURISDICTION, AND VENUE

Paragraph 1. Defendants admit Shea Coakley is a named plaintiff. Defendants lack knowledge or information sufficient to form a belief as to his residence and therefore deny the remainder of paragraph 1.

Paragraph 2. Defendants admit Joshua Grab is a named plaintiff. Defendants lack knowledge or information sufficient to form a belief as to his residence and therefore deny

the remainder of paragraph 2.

Paragraph 3. Defendants admit Vireo Growth, Inc. is a named defendant, is incorporated under the Canada Business Corporations Act, and maintains an office at 209 South 9th Street, Minneapolis, Minnesota 55402.

Paragraph 4. Admitted. Vireo Health, Inc. is a Delaware corporation.

Paragraph 5. Defendants admit HiColor LLC is a Minnesota limited liability company and a named defendant. Defendants deny any implication that Plaintiffs own or control HiColor.

Paragraph 6. Defendants admit a substantial part of the events alleged concern Minneapolis, Minnesota, and that venue is proper in this District. Defendants deny that this paragraph establishes any claim.

**FACTUAL BACKGROUND**

Paragraph 6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore deny them.

Paragraph 7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny them.

Paragraph 8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

Paragraph 9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny them.

Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny them.

Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny them.

Paragraph 12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

Paragraph 13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

Paragraph 16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny them.

Paragraph 17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny them.

Paragraph 18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny them.

Paragraph 19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

Paragraph 20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore deny them.

Paragraph 21. Defendants lack knowledge sufficient to admit or deny Plaintiffs' alleged pre-Vireo operations and therefore deny paragraph 21.

Paragraph 22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny them.

Paragraph 23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny them.

Paragraph 24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

Paragraph 25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

Paragraph 26. Defendants admit Josh Rosen was formerly Chief Executive Officer of Vireo Health, Inc., and that Plaintiffs communicated with him in 2023 and 2024. Defendants deny that Vireo agreed to invest in Plaintiffs' business, and deny the remainder of paragraph 26.

Paragraph 27. Defendants admit Vireo had hemp beverage brands including Hi*AF and Boundary Waters. Defendants deny the remainder of paragraph 27.

Paragraph 28. Defendants admit Aaron Garrido, then a Vireo employee, participated in discussions with Plaintiffs and Rosen. Defendants deny that those discussions formed an agreement to merge products, and deny the remainder of paragraph 28.

Paragraph 29. Defendants admit HiColor LLC was formed on the Vireo side and was discussed as a possible vehicle for a hemp-beverage venture. Defendants deny that it was unused property Plaintiffs were given, and deny the remainder of paragraph 29.

Paragraph 30. Defendants admit the parties discussed Plaintiffs working on hemp beverage brands, including HiTide, Hi*AF, and Boundary Waters. Defendants deny that the parties agreed Plaintiffs would operate HiColor, and deny the remainder of paragraph 30.

Paragraph 31. Defendants deny that Vireo agreed Plaintiffs would have exclusivity on hemp THC products. Defendants deny paragraph 31.

Paragraph 32. Defendants lack knowledge sufficient to admit or deny Plaintiffs' alleged branding and distribution steps and therefore deny paragraph 32. Defendants deny that any such steps formed a partnership.

Paragraph 33. Defendants lack knowledge sufficient to admit or deny Plaintiffs' alleged branding and distribution steps and therefore deny paragraph 33. Defendants deny that any such steps formed a partnership.

Paragraph 34. The March 13, 2024 email and draft term sheet identified in paragraph 34 speak for themselves. Defendants deny any characterization inconsistent with those writings, and deny that they formed or evidenced the completed HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 35. The writing identified in paragraph 35 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 36. The writing identified in paragraph 36 speaks for itself. Defendants

deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 37. The writing identified in paragraph 37 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 38. The writing identified in paragraph 38 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 39. The writing identified in paragraph 39 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 40. The draft identified in paragraph 40 speaks for itself. Defendants deny that it was agreed or executed, and deny that it gave Plaintiffs voting units.

Paragraph 41. The May 21, 2024 email speaks for itself. Defendants deny that it formed a partnership, and deny the remainder of paragraph 41.

Paragraph 42. Defendants admit Rosen and Coakley communicated about a possible transaction. Defendants deny that those communications formed a partnership, and deny the remainder of paragraph 42.

Paragraph 43. The May 22, 2024 email speaks for itself. Defendants deny that it formed a partnership, and deny the remainder of paragraph 43.

Paragraph 44. The writing identified in paragraph 44 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 45. Defendants admit Plaintiffs performed services in 2024. Defendants deny that the services were an investment in an equity partnership, and deny the remainder of paragraph 45.

Paragraph 46. Defendants admit Plaintiffs asked to be paid for services. Defendants deny the remainder of paragraph 46.

Paragraph 47. Denied. The Independent Contractor Agreements are the writings governing Plaintiffs' services and pay. They were not a bridge to an equity partnership.

Paragraph 48. The June 4, 2024 email speaks for itself. Defendants deny that it was a term sheet for a completed partnership, and deny the remainder of paragraph 48.

Paragraph 49. The writing identified in paragraph 49 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 50. The writing identified in paragraph 50 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 51. Defendants admit Doc. 16-1 contains an Independent Contractor Agreement between Vireo Health, Inc. and Shea Coakley dated June 5, 2024. That

agreement speaks for itself. Defendants deny that it was a first step in a partnership, and deny the remainder of paragraph 51.

Paragraph 52. Defendants admit Doc. 16-1 contains an Independent Contractor Agreement between Vireo Health, Inc. and Josh Grab. That agreement speaks for itself, including as to its date. Defendants do not admit the June 15, 2024 date alleged in paragraph 52. Defendants deny that the agreement was a step in a partnership, and deny the remainder of paragraph 52.

Paragraph 53. Defendants admit paragraph 3 of each Independent Contractor Agreement in Doc. 16-1 states a fee of $10,000 per month, and that Exhibit A describes launch and distribution services. The agreements speak for themselves. Defendants deny the remainder of paragraph 53, including any allegation that the fee was consideration for an equity transaction.

Paragraph 54. Defendants admit Rosen and Coakley continued to discuss possible terms. Defendants deny that those discussions formed an equity agreement, and deny the remainder of paragraph 54.

Paragraph 55. Denied.

Paragraph 56. Denied.

Paragraph 57. Denied.

Paragraph 58. Defendants admit that on or about July 25, 2024, Aaron Garrido emailed Plaintiffs and Rosen and wrote, “See attached for the draft agreements to formalize

the GSB arrangement that we've verbally agreed to." The email and the attachments speak for themselves. Defendants deny that the email or the unsigned drafts formed the transaction alleged, and deny the remainder of paragraph 58.

Paragraph 59. The unsigned draft identified in paragraph 59 speaks for itself. Defendants deny that it was agreed or executed, deny that it assigned, issued, licensed, or sold anything, and deny the remainder of paragraph 59.

Paragraph 60. The unsigned draft identified in paragraph 60 speaks for itself. Defendants deny that it was agreed or executed, deny that it assigned, issued, licensed, or sold anything, and deny the remainder of paragraph 60.

Paragraph 61. The unsigned draft identified in paragraph 61 speaks for itself. Defendants deny that it was agreed or executed, deny that it assigned, issued, licensed, or sold anything, and deny the remainder of paragraph 61.

Paragraph 62. The unsigned draft identified in paragraph 62 speaks for itself. Defendants deny that it was agreed or executed, deny that it assigned, issued, licensed, or sold anything, and deny the remainder of paragraph 62.

Paragraph 63. The unsigned draft identified in paragraph 63 speaks for itself. Defendants deny that it was agreed or executed, deny that it assigned, issued, licensed, or sold anything, and deny the remainder of paragraph 63.

Paragraph 64. Defendants admit the July 25, 2024 drafts were not signed. Defendants deny that any conduct made those drafts the transaction alleged in the Amended

Complaint. Defendants deny the remainder of paragraph 64.

Paragraph 66. Denied. Defendants deny that Vireo agreed to fund HiColor, and deny the remainder of paragraph 66.

Paragraph 67. Denied.

Paragraph 68. Denied.

Paragraph 69. Denied.

Paragraph 70. Denied.

Paragraph 71. Denied.

Paragraph 72. Defendants admit Plaintiffs performed beverage-launch services with the knowledge of Vireo personnel. Defendants deny that Plaintiffs operated HiColor, deny that Vireo approved an equity venture, and deny the remainder of paragraph 72.

Paragraph 73. Defendants admit some internal and third-party emails used the word partnership. Those emails speak for themselves. Defendants deny that the word formed a partnership or the transaction alleged, and deny the remainder of paragraph 73.

Paragraph 74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny them. Defendants deny that paragraph 74 establishes an agreement, an ownership interest, or a breach.

Paragraph 75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore deny them. Defendants deny that paragraph 75 establishes an agreement, an ownership interest, or a breach.

Paragraph 76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny them. Defendants deny that paragraph 76 establishes an agreement, an ownership interest, or a breach.

Paragraph 77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore deny them. Defendants deny that paragraph 77 establishes an agreement, an ownership interest, or a breach.

Paragraph 78. The writing identified in paragraph 78 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 78.

Paragraph 79. The writing identified in paragraph 79 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 79.

Paragraph 80. The writing identified in paragraph 80 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 80.

Paragraph 81. The writing identified in paragraph 81 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 81.

Paragraph 82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore deny them. Defendants deny

that paragraph 82 establishes an agreement, an ownership interest, or a breach.

Paragraph 83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny them. Defendants deny that paragraph 83 establishes an agreement, an ownership interest, or a breach.

Paragraph 84. The email identified in paragraph 84 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it formed or evidenced the completed HiColor/GSB transaction alleged in the Amended Complaint.

Paragraph 85. The writing identified in paragraph 85 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 85.

Paragraph 86. The writing identified in paragraph 86 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 86.

Paragraph 87. The writing identified in paragraph 87 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 87.

Paragraph 88. The writing identified in paragraph 88 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 88.

Paragraph 89. Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 89 and therefore deny them. Defendants deny that paragraph 89 establishes an agreement, an ownership interest, or a breach.

Paragraph 90. The writing identified in paragraph 90 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 90.

Paragraph 91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny them. Defendants deny that paragraph 91 establishes an agreement, an ownership interest, or a breach.

Paragraph 92. The writing identified in paragraph 92 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 92.

Paragraph 93. The August 26, 2024 email speaks for itself. Defendants deny that it confirmed a completed HiColor/GSB transaction, and deny the remainder of paragraph 93.

Paragraph 94. The August 26, 2024 email identified in paragraph 94 speaks for itself. Defendants deny any characterization inconsistent with that writing, and deny that it confirmed a completed HiColor/GSB transaction.

Paragraph 95. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore deny them. Defendants deny that paragraph 95 establishes an agreement, an ownership interest, or a breach.

Paragraph 96. Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 96 and therefore deny them. Defendants deny that paragraph 96 establishes an agreement, an ownership interest, or a breach.

Paragraph 97. The writing identified in paragraph 97 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 97.

Paragraph 98. The writing identified in paragraph 98 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 98.

Paragraph 99. The writing identified in paragraph 99 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 99.

Paragraph 100. The writing identified in paragraph 100 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 100.

Paragraph 101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore deny them. Defendants deny that paragraph 101 establishes an agreement, an ownership interest, or a breach.

Paragraph 102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore deny them.

Defendants deny that paragraph 102 establishes an agreement, an ownership interest, or a breach.

Paragraph 103. The writing identified in paragraph 103 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 103.

Paragraph 104. The writing identified in paragraph 104 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 104.

Paragraph 105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore deny them. Defendants deny that paragraph 105 establishes an agreement, an ownership interest, or a breach.

Paragraph 106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore deny them. Defendants deny that paragraph 106 establishes an agreement, an ownership interest, or a breach.

Paragraph 107. The writing identified in paragraph 107 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 107.

Paragraph 108. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 108 and therefore deny them. Defendants deny that paragraph 108 establishes an agreement, an ownership interest, or a breach.

Paragraph 109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore deny them. Defendants deny that paragraph 109 establishes an agreement, an ownership interest, or a breach.

Paragraph 110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny them. Defendants deny that paragraph 110 establishes an agreement, an ownership interest, or a breach.

Paragraph 111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny them. Defendants deny that paragraph 111 establishes an agreement, an ownership interest, or a breach.

Paragraph 112. The writing identified in paragraph 112 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 112.

Paragraph 113. The writing identified in paragraph 113 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 113.

Paragraph 114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore deny them. Defendants deny that paragraph 114 establishes an agreement, an ownership interest, or a breach.

Paragraph 115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore deny them. Defendants deny that paragraph 115 establishes an agreement, an ownership interest, or a breach.

Paragraph 116. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore deny them. Defendants deny that paragraph 116 establishes an agreement, an ownership interest, or a breach.

Paragraph 117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore deny them. Defendants deny that paragraph 117 establishes an agreement, an ownership interest, or a breach.

Paragraph 118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore deny them. Defendants deny that paragraph 118 establishes an agreement, an ownership interest, or a breach.

Paragraph 119. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 119 and therefore deny them. Defendants deny that paragraph 119 establishes an agreement, an ownership interest, or a breach.

Paragraph 120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny them. Defendants deny that paragraph 120 establishes an agreement, an ownership interest, or a breach.

Paragraph 121. Defendants admit John Mazarakis later served as an executive officer of Vireo Growth. Defendants deny the remainder of paragraph 121, including the date alleged.

Paragraph 122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore deny them. Defendants deny that paragraph 122 establishes an agreement, an ownership interest, or a breach.

Paragraph 123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore deny them. Defendants deny that paragraph 123 establishes an agreement, an ownership interest, or a breach.

Paragraph 124. Defendants admit Josh Rosen ceased to be Chief Executive Officer and that Amber Shimpa later served as an executive officer. Defendants deny the remainder of paragraph 124.

Paragraph 125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore deny them. Defendants deny that paragraph 125 establishes an agreement, an ownership interest, or a breach.

Paragraph 126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore deny them. Defendants deny that paragraph 126 establishes an agreement, an ownership interest, or a breach.

Paragraph 127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore deny them. Defendants deny that paragraph 127 establishes an agreement, an ownership interest, or a breach.

Paragraph 128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore deny them. Defendants deny that paragraph 128 establishes an agreement, an ownership interest, or a breach.

Paragraph 129. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore deny them. Defendants deny that paragraph 129 establishes an agreement, an ownership interest, or a breach.

Paragraph 130. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 130 and therefore deny them. Defendants deny that paragraph 130 establishes an agreement, an ownership interest, or a breach.

Paragraph 131. The writing identified in paragraph 131 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 131.

Paragraph 132. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore deny them. Defendants deny that paragraph 132 establishes an agreement, an ownership interest, or a breach.

Paragraph 133. The writing identified in paragraph 133 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 133.

Paragraph 134. The writing identified in paragraph 134 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 134.

Paragraph 135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny them. Defendants deny that paragraph 135 establishes an agreement, an ownership interest, or a breach.

Paragraph 136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore deny them. Defendants deny that paragraph 136 establishes an agreement, an ownership interest, or a breach.

Paragraph 137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore deny them. Defendants deny that paragraph 137 establishes an agreement, an ownership interest, or a breach.

Paragraph 138. Denied. Defendants deny that paragraph 138 establishes an agreement, an ownership interest, a funding obligation, or a breach.

Paragraph 139. The writing identified in paragraph 139 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 139.

Paragraph 140. The writing identified in paragraph 140 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 140.

Paragraph 141. The writing identified in paragraph 141 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 141.

Paragraph 142. The March 18, 2025 email speaks for itself. Defendants deny that it

confirms a completed HiColor/GSB transaction, and deny the remainder of paragraph 142.

Paragraph 143. The writing identified in paragraph 143 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 143.

Paragraph 144. Denied. Defendants deny that paragraph 144 establishes an agreement, an ownership interest, a funding obligation, or a breach.

Paragraph 145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore deny them. Defendants deny that paragraph 145 establishes an agreement, an ownership interest, or a breach.

Paragraph 146. The writing identified in paragraph 146 speaks for itself. Defendants deny that it formed or evidenced the transaction alleged in the Amended Complaint, and deny the remainder of paragraph 146.

Paragraph 147. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore deny them. Defendants deny that paragraph 147 establishes an agreement, an ownership interest, or a breach.

Paragraph 148. Defendants deny that they wrongfully prevented Plaintiffs from operating HiColor or GSB. Defendants deny the remainder of paragraph 148.

Paragraph 149. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 149 and therefore deny them. Defendants deny that paragraph 149 establishes an agreement, an ownership interest, or a breach.

Paragraph 150. Defendants deny that Plaintiffs own the products identified in paragraph 150, and deny the remainder of paragraph 150.

Paragraph 151. Defendants deny that the unsigned July 25, 2024 drafts gave Plaintiffs the rights alleged in paragraph 151, and deny paragraph 151.

Paragraph 152. Defendants deny that the unsigned July 25, 2024 drafts gave Plaintiffs the rights alleged in paragraph 152, and deny paragraph 152.

Paragraph 153. Defendants deny that the unsigned July 25, 2024 drafts gave Plaintiffs the rights alleged in paragraph 153, and deny paragraph 153.

Paragraph 154. Defendants deny that the unsigned July 25, 2024 drafts gave Plaintiffs the rights alleged in paragraph 154, and deny paragraph 154.

Paragraph 155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore deny them. Defendants deny that paragraph 155 establishes an agreement, an ownership interest, or a breach.

Paragraph 156. Paragraph 156 purports to characterize legislation, which speaks for itself. Defendants deny any characterization inconsistent with applicable law.

Paragraph 157. Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 157 and therefore deny them. Defendants deny that paragraph 157 establishes an agreement, an ownership interest, or a breach.

Paragraph 158. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore deny them. Defendants deny that paragraph 158 establishes an agreement, an ownership interest, or a breach.

Paragraph 159. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore deny them. Defendants deny that paragraph 159 establishes an agreement, an ownership interest, or a breach.

## COUNT I – UNJUST ENRICHMENT

Paragraph 160. Defendants incorporate their responses to the paragraphs incorporated by paragraph 160. Defendants deny that those paragraphs support the count in which paragraph 160 appears.

Paragraph 161. Denied.

Paragraph 162. Denied.

Paragraph 163. Denied.

## COUNT II – BREACH OF IMPLIED CONTRACT

Paragraph 164. Defendants incorporate their responses to the paragraphs

incorporated by paragraph 164. Defendants deny that those paragraphs support the count in which paragraph 164 appears.

Paragraph 165. Defendants deny that officers of Vireo Growth or Vireo Health agreed to the HiColor/GSB transaction alleged. Defendants deny paragraph 165.

Paragraph 166. Denied.

Paragraph 167. Denied.

**COUNT III – PROMISSORY ESTOPPEL**

Paragraph 168. Defendants incorporate their responses to the paragraphs incorporated by paragraph 168. Defendants deny that those paragraphs support the count in which paragraph 168 appears.

Paragraph 169. Denied.

Paragraph 170. Denied.

Paragraph 171. Denied.

**COUNT IV – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

**(Dismissed Without Prejudice)**

Paragraph 172. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 172.

Paragraph 173. This paragraph is pleaded in support of a count that has been

dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 173.

Paragraph 174. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 174.

Paragraph 175. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 175.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT

Paragraph 176. Defendants incorporate their responses to the paragraphs incorporated by paragraph 176. Defendants deny that those paragraphs support the count in which paragraph 176 appears.

Paragraph 177. Denied.

Paragraph 178. Denied.

Paragraph 179. Denied.

Paragraph 180. Denied.

## COUNT VI – CONVERSION

Paragraph 181. Defendants incorporate their responses to the paragraphs incorporated by paragraph 181. Defendants deny that those paragraphs support the count in which paragraph 181 appears.

Paragraph 182. Denied.

Paragraph 183. Denied.

Paragraph 184. Denied.

Paragraph 185. Denied.

**COUNT VII – MISAPPROPRIATION OF INTELLECTUAL PROPERTY**

**(Withdrawn)**

Paragraph 186. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 186.

Paragraph 187. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 187.

Paragraph 188. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 188.

Paragraph 189. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 189.

Paragraph 190. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 190.

Paragraph 191. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 191.

Paragraph 192. Plaintiffs withdrew Count VII. No response is required. To the

extent a response is required, Defendants deny paragraph 192.

Paragraph 193. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 193.

Paragraph 194. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 194.

Paragraph 195. Plaintiffs withdrew Count VII. No response is required. To the extent a response is required, Defendants deny paragraph 195.

## COUNT VIII – VIOLATION OF THE MINNESOTA UNIFORM TRADE SECRETS ACT (Dismissed Without Prejudice)

Paragraph 196. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 196.

Paragraph 197. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 197.

Paragraph 198. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 198.

Paragraph 199. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a

response is required, Defendants deny paragraph 199.

Paragraph 200. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 200.

Paragraph 201. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 201.

Paragraph 202. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 202.

Paragraph 203. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 203.

Paragraph 204. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 204.

Paragraph 205. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 205.

## COUNT X – BREACH OF CONTRACT

Paragraph 196. Defendants incorporate their responses to the paragraphs incorporated by paragraph 196. Defendants deny that those paragraphs support the count in which paragraph 196 appears.

Paragraph 197. Defendants deny that they failed to pay any amount due under the Independent Contractor Agreements. Defendants deny paragraph 197.

Paragraph 198. Denied.

## COUNT IX – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (Dismissed Without Prejudice)

Paragraph 201. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 201.

Paragraph 202. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 202.

Paragraph 203. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 203.

Paragraph 204. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a

response is required, Defendants deny paragraph 204.

Paragraph 205. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 205.

Paragraph 206. This paragraph is pleaded in support of a count that has been dismissed without prejudice or withdrawn. No response is required. To the extent a response is required, Defendants deny paragraph 206.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs failed to state a claim for which relief can be granted, and cannot establish that the July 25, 2024 draft transaction documents became a completed, binding, and enforceable agreement on the terms alleged in the Amended Complaint.

2. The Independent Contractor Agreements govern Plaintiffs' services and compensation to the extent of their subject matter, contain provisions requiring signed writings for changes to those agreements, and provide that Plaintiffs are independent contractors and are not, solely by reason of those agreements, employees, partners, or owners of Vireo Health.

3. Plaintiffs cannot establish sufficiently definite and mutually assented-to terms supporting the ownership, profit-interest, funding, governance, licensing, supply, or other rights they allege arose from the proposed HiColor/GSB transaction.

4. Plaintiffs cannot establish satisfaction of any conditions or implementation steps

necessary for the effectiveness of the proposed transaction documents or the rights allegedly arising from them, including execution, issuance, approval, and other required implementation.

5. To the extent Plaintiffs seek recovery for services, compensation, or other benefits governed by enforceable express agreements, their equitable or quasi-contractual recovery is barred or limited to the extent provided by applicable law.

6. Plaintiffs failed to mitigate their alleged damages to the extent shown by the evidence.

7. Any recovery on Count X is limited to amounts, if any, established as due under the terms of the Independent Contractor Agreements, subject to payments and other defenses established by the evidence.

8. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

9. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

11. Plaintiffs failed to perform conditions precedent to the formation, effectiveness, or enforceability of any agreement on the terms alleged, including execution, issuance, approval, and other required implementation steps.

12. Plaintiffs' claims are barred in whole or in part by the statute of frauds to the extent they seek to enforce an unwritten agreement that is within its scope.

13. Defendants reserve the right to assert additional affirmative defenses as discovery proceeds.

## PRAYER FOR RELIEF

1. Defendants deny that Plaintiffs are entitled to any damages.

2. Defendants deny that Plaintiffs are entitled to costs, fees, or interest.

3. Defendants deny that Plaintiffs are entitled to any relief, including injunctive relief.

4. Defendants request that each of Plaintiffs' remaining claims be dismissed with prejudice.

5. Defendants request that the Court grant Defendants any other relief it deems fair, just, and equitable, including but not limited to attorney fees and costs.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

Dated: October 16, 2026

**Gordon Rees Scully Mansukhani, LLP**

By: */s/ Lukas Belflower*
Ellen Brinkman Bar. No. 0386578
Lukas Belflower Bar No. 0401161
80 South Eighth Street, Suite 3850
Minneapolis, MN 55402
Telephone: (612) 351-5969
ebrinkman@grsm.com
lbelflower@grsm.com

*Attorneys for Defendants Vireo Growth, Inc., Vireo Health, Inc., and HiColor LLC*